**FILED**

JUN - 9 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

WILLIAM A. DORSEY
AND ANGELA D. DORSEY
4404 Adelle Terrace
Baltimore, MD 21229
        Plaintiffs

Vs.

THE VETERANS ADMINISTRATION
820 Chesapeake St. NW
Washington, DC 20001
        Defendants

CASE NUMBER 1:05CV01144

JUDGE: Henry H. Kennedy

DECK TYPE: TRO/Preliminary Injunction

DATE STAMP: 06/09/2005

**COMPLAINT FOR INJUNCTIVE RELIEF TO STAY PENDING EVICTION IN ORDER TO ALLOW VA TO INVESTIGATE AND DETERMINE THAT THE PLAINTIFF VETERAN WAS DENIED HIS RIGHTS DUE TO A MATERIAL MISREPRESENTATION OF REINSTATEMENT MORTGAGE AMOUNT.**

Comes now the plaintiffs by and through their counsel Claude Roxborough Esq. and for their complaint state the following:

JURISDICTION

1. This court has jurisdiction under Title 38 USC section 101 and section 7305

PARTIES

2. William A Dorsey and Angela D. Dorsey are husband and wife joint tenants of VA insured property located at 4404 Adelle Terrace, Baltimore, MD 21229
3. The Veterans Administration is a United States Government agency which among other things provides mortgage insurance for eligible veterans to facilitate home purchase and other assistance such as counseling recasting, repurchasing and reinstatement of loans in arrears.

STATEMENT OF THE FACTS
(Misrepresentation and unlawful denial of Veteran Benefits)

4. On or about July 8, 2004 a reinstatement letter was issued to the plaintiffs by the Law Firm of Covahey, Boozer, Devan & Dore, and P.A on behalf the Veterans Administration servicing agent which "confirmed that the amount necessary to reinstate the mortgage account for the above property is $33,132.12."( Exhibit 1)
5. The letter was completely incorrect in its calculation and statement that the plaintiffs were in arrears 23 payments amounting to $ 23,514.97. The plaintiffs were 5months in arrears and experiencing an employment transition.
6. The plaintiffs were directed by the DVA to contact the Veterans Benefits Administration in Roanoke, Virginia. The Plaintiff spoke to Ms. Donna Mollica of that office and were advised that the amount stated by the Law Firm as the arrearage was beyond the limits of the VA work out program (A program where

1

     VA will assert its authority over the servicer to provide a recasting or amendment of the payment requirements to allow the veteran to catch up and become current).

7. The plaintiffs seeking counseling advised and pleaded with Ms. Mollica to check with the servicer offering evidence that the reinstatement amount was incorrect. The Veterans Benefits office failed to require the servicer to account and denied the plaintiffs any assistance whatsoever in violation of Section 7305 of Title 38 of the US Code.
8. Without VA intervention the foreclosure went forward and the plaintiff were forced to file for bankruptcy protection under Chapter 13. No account was ever given or provided by the servicer and the misrepresented arrearages amount was beyond an acceptable and practical plan. The property was foreclosed.
9. The Plaintiffs retained other counsel to look into the matter. At that time they were facing eviction. This counsel provided the Veterans Administration with data reflecting the fact that the plaintiffs were never 23 months in arrears as was falsely reported by the servicer's representative. Copies of this letter were sent to Veterans organization as well as to Congressman Elijah Cummings of Baltimore.( Exhibit 2)
10. Facing eviction the Congressman Elijah Cummings directly intervened demanding that the Veterans Administration provide a comprehensive response to the concerns raised by the letter or plaintiff's Counsel. The eviction was stopped but no response has ever been made to the letter challenging the false reinstatement amount and the denial of benefits to the plaintiff.
11. The plaintiff who have credit and stable employment are capable of repurchasing or paying off the money due to VA the holder of the note. They are also willing to put up a bond of $ 10,000. to stay the eviction and have the congressional and veteran community pursue a remedy they should have had but for the misrepresented reinstatement amount.
12. Without any further communication the Veterans Administration has set the eviction for June 10, 2005.

Wherefore upon the premises considered the plaintiff prays that the eviction action be enjoined and that the Veterans Administration be required to investigate the false reinstatement amount and redress the harm caused the veteran by allowing him to pay off the indebtedness.

Respectfully submitted

_____
Claude Roxborough Esq.  162313
7629 Carroll Ave. Southern Suite
Tokoma Park, Maryland
(301)625-4349
(202) 332-7600